UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEQUBINECE MCNEIL, :
        Plaintiff, : C.A. No. 16-cv-5624
    v. :
         : JURY TRIAL DEMANDED
STERLING INFOSYSTEMS, INC., :
        Defendant. :

## COMPLAINT

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Sterling Infosystems, Inc ("Sterling"). This action involves Defendant's systematic violation of several of those important rules.

### II.  PARTIES

3. Plaintiff Dequbinece McNeil is an adult individual who resides in Holly Springs, Mississippi.

4. Defendant Sterling Infosystems, Inc. is a business entity that regularly conducts business in the Southern District of New York, and has principal places of business located at 1 State Street Plaza, 24th Floor, New York, New York 10004.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. §1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

### IV. STATEMENT OF FACTS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes both a false criminal history labeling the Plaintiff as having multiple misdemeanors and personal identifying information.

8. The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal background. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as having been charged with felonies and convicted of multiple misdemeanors when Plaintiff has no criminal history.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that they have disseminated to various persons and prospective employers, both known and unknown.

10. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities with Asics. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer report with Defendant and that the inaccurate information was a substantial factor for those denials.

11. Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by prospective employers, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving employment opportunities, known and unknown.

12. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CAUSES OF ACTION

### COUNT ONE - FCRA

15. Plaintiff re-alleges and incorporates by reference all preceding allegations. Sterling is a "consumer reporting agency," as defined by FCRA, 15 U.S.C. § 1681a(f).

16. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

18. Sterling violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's background report and the files it published and maintained.

19. As a result of Sterling violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

20. The violations by Sterling were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Sterling was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

21. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs and attorney's fees from Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## **Jury Trial Demand**

22. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E.      Such other and further relief as may be necessary, just and proper.

>Respectfully submitted,
>
>*[signature]*
>
>Adam G. Singer
>**Law Office of Adam G. Singer**
>60 E. 42nd Street, Suite 4600
>New York, NY 10165
>asinger@adamsingerlaw.com
>212.842.2428
>Attorney Bar # AS7294